UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY<br>1000 Independence Avenue, S.W.<br>Washington, D.C. 20585<br><br>Defendant. | Case No. 1:26-cv-3194 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Power the Future ("PTF") brings this action against Defendant United States Department of Energy ("DOE"). PTF alleges as follows:

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. PTF seeks statutory and injunctive relief requiring DOE to process three FOIA requests and produce all responsive, nonexempt agency records.

2. DOE received the requests between July 20 and August 12, 2026. As of this filing, it has not made a determination on any request or produced any responsive records.

3. DOE's complete failure to make the determinations FOIA requires warrants a court-supervised processing and production schedule.

**PARTIES**

4. PTF is a nonprofit organization incorporated in Delaware. It informs the

public about energy and environmental policy and government activity bearing on those issues.

5. DOE is an executive agency of the United States and an agency within FOIA's meaning. 5 U.S.C. §§ 551(1), 552(f)(1). DOE possesses and controls records responsive to PTF's requests.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper because FOIA permits suit in the District of Columbia. § 552(a)(4)(B).

8. PTF has constructively exhausted its administrative remedies, or alternatively is not required to pursue administrative remedies, because DOE did not make timely determinations on the requests. § 552(a)(6)(C)(i); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 190 (D.C. Cir. 2013) ("*CREW*").

**PLAINTIFF'S FOIA REQUESTS**

9. On July 20, 2026, PTF submitted a request for Dr. Michael F. Wehner's emails from March 18 through July 20, 2026. Responsive emails had to contain at least one specified climate-scenario term and at least one specified term concerning the Fourth National Climate Assessment or the use of a business-as-usual or reference scenario.

10. FOIA.gov assigned confirmation number 3039591 to the July 20 request. DOE sent no further acknowledgment.

11. On August 7, 2026, PTF submitted a second request for Dr. Wehner's

emails. The request sought communications with eight specified California officials concerning specified climate scenarios from 2015 through 2018. It also sought March 18 through August 7, 2026 emails containing at least two specified scenario or climate-assessment terms.

12. FOIA.gov assigned confirmation number 3085316 to the August 7 request. DOE sent no further acknowledgment.

13. On August 12, 2026, PTF submitted a third request for Dr. Wehner's records from November 1, 2014, through December 31, 2015. It sought presentation and spreadsheet files, calendar and meeting records, and emails concerning specified climate scenarios or the Fourth National Climate Assessment.

14. FOIA.gov assigned confirmation number 3096831 to the August 12 request. DOE sent no further acknowledgment.

15. As of this filing, PTF has received no other response to any of its requests. DOE has not sought clarification, made a determination, or produced responsive records.

16. The requested records concern DOE's role in the government's use of RCP 8.5 as a business-as-usual or reference scenario in climate policy and the Fourth National Climate Assessment.

17. PTF seeks these records to inform the public about DOE's conduct and the basis for federal climate policy.

18. FOIA required DOE to determine within 20 working days whether it would comply with each request and to state the reasons for its determination. § 552(a)(6)(A)(i).

19. A timely determination requires more than an acknowledgment. The

agency must gather and review the records, identify what it will produce and withhold, explain any withholding, and notify the requester of its appeal rights. *CREW*, 711 F.3d at 188.

20. The determinations were due by August 17, September 4, and September 10, 2026, respectively. § 552(a)(6)(A)(i). PTF received no written notice invoking the unusual-circumstances extension. § 552(a)(6)(B)(i).

21. DOE has not stated whether it will comply with any request. It has not identified the records it will produce or withhold, explained any withholding, or notified PTF of appeal rights. This violates FOIA. *CREW*, 711 F.3d at 188.

22. FOIA authorizes this Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." § 552(a)(4)(B). The Court may use its equitable powers "to require the agency to process documents according to a court-imposed timeline." *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014). DOE's failure to make any determination warrants judicial supervision.

**<u>COUNT I</u>**
**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**

23. PTF incorporates the preceding allegations.

24. PTF submitted three FOIA requests that reasonably described the records sought. DOE accepted each request through FOIA.gov.

25. DOE violated FOIA by failing to make timely determinations and by withholding responsive agency records. §§ 552(a)(3)(A), (a)(6)(A)(i).

26. PTF has constructively exhausted its administrative remedies. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 190.

27. PTF is entitled to relief under § 552(a)(4)(B).

28. PTF is entitled to an order requiring DOE to produce the requested records.

## PRAYER FOR RELIEF

Power the Future respectfully requests that the Court:

A. Retain jurisdiction until DOE complies with FOIA and the Court's orders;

B. Declare that DOE violated FOIA by failing to make timely determinations and by withholding responsive agency records;

C. Declare that DOE must disclose all nonexempt agency records responsive to the three requests;

D. Order DOE to conduct adequate searches and produce all nonexempt responsive records according to a schedule containing dates certain, with periodic status reports until production is complete;

E. Award PTF reasonable attorney fees and costs under § 552(a)(4)(E); and

F. Grant any other just and proper relief.

Dated: September 12, 2026

POWER THE FUTURE
By Counsel:
/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com